UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

DSHON CALDWELL,

Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

-----------------------------------------------------------x

24-cv-5423 (AEK)

**DECISION AND ORDER**

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J**[1]

Currently before the Court is Plaintiff Dshon Caldwell's motion for attorneys' fees pursuant to 42 U.S.C. § 406(b). ECF No. 20. For the reasons set forth below, the motion is GRANTED.

**BACKGROUND**

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income with the Social Security Administration ("SSA") on September 21, 2021, claiming a disability onset date of April 19, 2016. ECF No. 20-2 ("Burko Aff.") ¶ 1. After the SSA denied her claims, Plaintiff requested a hearing before an administrative law judge ("ALJ"), and a hearing was held before ALJ Vincent Cascio on April 18, 2023. *Id.* ALJ Cascio issued a decision on October 4, 2023, finding that Plaintiff was not disabled. *Id.* On June 18, 2024, the SSA's Appeals Council denied Plaintiff's request for review of the ALJ's decision. *Id.*; *see* ECF No. 10 (Administrative Record) at 1-6.

[1] The parties have consented to this Court's jurisdiction pursuant to 28 U.S.C. § 636(c). ECF No. 9.

On April 27, 2022, Plaintiff signed a retainer agreement with Louis R. Burko, Esq., that included the possibility of pursuing an appeal in federal court of the SSA's denial of her applications for benefits. *See* Burko Aff. ¶ 2 & Ex. A ("Retainer Agreement"). Pursuant to the Retainer Agreement, Plaintiff agreed to pay Mr. Burko up to 25 percent of any past-due benefits she received as a result of a remand to the SSA following a successful federal court appeal and subsequent award by the SSA following additional proceedings. *See id.*

Plaintiff commenced this action on July 17, 2024. ECF No. 1. The Commissioner filed the administrative record on September 16, 2024, ECF No. 10, and Plaintiff filed her brief in support of her appeal on October 15, 2024, ECF No. 11. Before the Commissioner filed any opposition papers, the parties filed a proposed stipulation and order of remand, ECF No. 15, which the Court so ordered on December 16, 2024, ECF No. 16. On December 17, 2024, judgment was entered, and the case was remanded to the SSA for further administrative proceedings. ECF No. 17. On December 23, 2024, the Court so ordered a stipulation and order approving an award of $6,400 in fees to Plaintiff under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). ECF No. 19.

After the case was remanded, a second hearing was held, this time before ALJ Angela Banks, on January 26, 2026. Burko Aff. ¶ 5. On March 5, 2026, ALJ Banks issued a partially favorable decision, finding that Plaintiff was disabled, but only as of April 4, 2021. *Id.*

On March 15, 2026, the SSA issued a Notice of Award ("NOA"), notifying Plaintiff that she was entitled to benefits beginning in October 2021. Burko Aff. Ex. B (NOA).[2] The NOA

[2] The NOA is erroneously referred to as Exhibit C in the Affirmation. *See* Burko Aff. ¶ 11.

also informed Plaintiff that the SSA had withheld $13,501.98—25 percent of the past-due benefits—to pay fees to Plaintiff's attorney. NOA at 4.

Plaintiff's counsel filed the instant motion, requesting $13,501.98 in attorneys' fees, on March 24, 2026. ECF No. 20. The memorandum of law in support of the motion appropriately acknowledges that should the motion be granted, counsel will pay $6,400—*i.e.*, the amount previously received by counsel under the EAJA—directly to Plaintiff. *See* ECF No. 20-1 at 3. On April 23, 2026, the Commissioner filed a response to the motion in his limited role "'resembling that of a trustee for the claimant[].'" ECF No. 23 at 1 (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n. 6 (2002)). The Commissioner did not take a specific position with respect to the fee request, and noted that "[i]t is for the Court to decide if the request for attorney's fees under 42 U.S.C. § 406(b) is reasonable under the law." *Id.* at 2.

## DISCUSSION

### I. Legal Standard

"Three statutes authorize attorney's fees in social security actions. 42 U.S.C. § 406(a) compensates attorneys for their representation at the administrative level; 42 U.S.C. § 406(b) compensates attorneys for representation before federal courts; and the EAJA provides additional fees if the Commissioner's position was not 'substantially justified.'" *LaFrance v. Saul*, No. 17-cv-4709 (CM) (SN), 2019 WL 4677041, at *1 (S.D.N.Y. Aug. 26, 2019) (citing *Gisbrecht*, 535 U.S. at 794-96), *adopted by* 2019 WL 4565074 (S.D.N.Y. Sept. 20, 2019). Pursuant to § 406(b), which is invoked here, "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation," as long as the fee does not exceed "25

percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A).

## II. Analysis

### A. Timeliness

In *Sinkler v. Berryhill*, the Second Circuit concluded that the 14-day filing period for seeking attorneys' fees set forth in Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure applies to attorneys' fee applications under 42 U.S.C. § 406(b); the filing period runs from the date on which the notice of award is received, and the period also may be subject to equitable tolling. 932 F.3d 83, 85 (2d Cir. 2019).[3] Here, the NOA is dated March 15, 2026, and the motion for attorney's fees was filed nine days later on March 24, 2026. ECF No. 20. Accordingly, the motion was timely filed.

### B. Reasonableness of the Fee Award

To ensure that contingency fees are employed fairly in Social Security cases, "Congress capped contingency fees at twenty-five percent of the claimant's past-due benefits and charged courts with ensuring that resulting fees are 'reasonable.'" *Fields v. Kijakazi*, 24 F.4th 845, 849 (2d Cir. 2022). "'[W]here there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable.'" *Id.* at 852-53 (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990)). "When conducting its analysis, the court's primary inquiry should be on the reasonableness of the contingency agreement in the context of the particular case and

[3] Rule 54(d)(2)(B) states that "[u]nless a statute or a court order provides otherwise," a motion for attorneys' fees must "be filed no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i).

not merely to rubber stamp the contingency fee agreement." *Caraballo v. Comm'r of Soc. Sec.*, No. 17-cv-7205 (NSR) (LMS), 2021 WL 4949217, at *2 (S.D.N.Y. Oct. 22, 2021).

To assess the reasonableness of a contingency fee, a court must first "determine whether the contingency percentage is within the 25% cap and . . . whether there has been fraud or overreaching in making the agreement." *Fields*, 24 F.4th at 853. A court must then consider the following factors to determine the reasonableness of a requested award: (1) whether the requested fee is out of line with the "character of the representation and the results the representative achieved," (2) whether "the attorney is responsible for delay, lest the attorney profit from the accumulation of benefits during a delay that the attorney caused," and (3) "if the benefits are large in comparison to the amount of time counsel spent on the case, the so-called windfall factor." *Id.* (cleaned up).

Here, the requested fee is not greater than 25 percent of the past-due benefits awarded to Plaintiff, and there is no evidence or suggestion of fraud or overreaching in the negotiation of the Retainer Agreement. *See* Burke Aff. ¶ 12; Retainer Agreement.

The Court turns next to the reasonableness factors. First, the requested fee is in line with the character of the representation and results achieved. Mr. Burko filed this action to challenge the denial of benefits, was able to secure the Commissioner's agreement to remand the case to the SSA for further proceedings after filing an opening brief, and after remand and a second hearing, Plaintiff was awarded $54,007.92 in past-due benefits. *See* Burko Aff. ¶¶ 3, 5; NOA at 4[4]; *see, e.g.*, *Shrack v. Saul*, No. 16- cv-2064 (RMS), 2020 WL 373074, at *2 (D. Conn. Jan. 23,

[4] The NOA does not state the dollar amount of the total benefits award, but because it states that 25 percent of past due benefits, or $13,501.98, was withheld from the award for payment of the representative's fee, the Court calculates the total benefits award to be $54,007.92 ($13,501.98 x 4). *See* ECF No. 20-1 at 2-3 (noting that "Plaintiff was awarded $54,007.92 in past due benefits").

2020) (finding that where the plaintiff sought and obtained a remand to the SSA, and "the plaintiff received a fully favorable result upon remand," the fee was in line with character of representation and results achieved).[5]

Second, Mr. Burko did not cause any unreasonable delay in this action. He filed a timely opening brief, ECF No. 11, and two months later, the parties stipulated to the remand of the matter for further administrative proceedings, ECF No. 15.

Third, with respect to the "windfall" factor, counsel's requested fee of $13,501.98 is not inappropriately large in light of the 26 hours that Mr. Burko's firm devoted to this case and the successful result that was achieved. *See* Burko Aff. ¶¶ 7, 9 & Ex. C ("Timesheet").[6] For purposes of evaluating the "windfall" factor, the Second Circuit has instructed courts to look beyond the *de facto* hourly rate and to assess: (1) the "ability and expertise" of the attorneys, (2) the "nature and length of the professional relationship" with the claimant, (3) the "satisfaction of the disabled claimant," and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Fields*, 24 F.4th at 854-55.

The work in this matter was performed by Mr. Burko (4.9 hours) and Daniel S. Jones, Esq. (21.1 hours), and included review of the substantial administrative record and drafting Plaintiff's brief, which resulted in a stipulated remand. *See* Burko Aff. ¶¶ 7, 9 & Timesheet. Mr. Burko has extensive experience in litigating Social Security disability appeals, and having been retained in April 2022, he maintained a multi-year relationship with Plaintiff. *Id.* ¶ 8; *see* Retainer Agreement. Likewise, Mr. Jones has extensive experience in litigating Social Security

[5] While the result achieved here on remand was not fully favorable, Plaintiff nonetheless received a substantial award of past-due benefits.

[6] The Timesheet is erroneously referred to as Exhibit B in the Affirmation. *See* Burko Aff. ¶¶ 7, 9.

disability appeals. *Id.* ¶ 10. Courts within the Second Circuit generally and routinely endorse 20-40 hours for work performed by counsel in Social Security disability cases. *See Bass v. Kijakazi*, No. 16-cv-6721 (JCM), 2022 WL 1567700, at *4 (S.D.N.Y. May 18, 2022) (collecting cases). The combined 26 hours of work performed by Mr. Burko and Mr. Jones in this matter falls within this range and reflects the attorneys' significant experience in these types of cases. In addition, the Court has no reason to believe that Plaintiff is in any way dissatisfied with the results of the representation. Indeed, counsel's efforts led to the reversal of the Commissioner's original denial of benefits and a significant award of past-due benefits to Plaintiff. ECF 20-1 at 2-3; NOA at 1-2; *Bass*, 2022 WL 1567700, at *5 (finding that counsel's success in advocating on behalf of plaintiff "militate[s] in favor of approving" fee request). Further, given that Plaintiff did not secure a remand until after her counsel filed an opening brief, it is apparent that a favorable outcome was uncertain. *See Fields*, 24 F.4th at 856 ("A windfall is more likely to be present in a case . . . where the lawyer takes on a contingency-fee representation that succeeds immediately and with minimal effort, suggesting very little risk of non-recovery. That kind of unearned advantage is what the windfall concern really is about."). Moreover, "[l]awyers who operate on contingency—even the very best ones—lose a significant number of their cases and receive no compensation when they do"; accordingly, when operating with a contingency agreement like the one at issue here, "payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk." *Id.* at 855-56 (cleaned up). The award amount sought here appropriately reflects this risk.

Turning to the *de facto* rate—which is not dispositive, *see id.* at 854—counsel would effectively be compensated here at a *de facto* hourly rate of approximately $519.31 per hour ($13,501.98 for a total of 26 hours worked by both attorneys). This rate is well within the range

of *de facto* hourly rates approved by courts within this Circuit, and is substantially below the $1,556.98 *de facto* hourly rate approved by the Second Circuit in *Fields*. *See id.* at 854-57; *see also id.* at 856 n.10 (collecting cases with *de facto* hourly rates ranging from $1,289.06 to $2,100). In sum, none of these factors indicate that the award requested by Mr. Burko would constitute a "windfall."

**CONCLUSION**

For the reasons set forth above, Plaintiff's motion for attorneys' fees (ECF No. 20) is GRANTED, and Mr. Burko is awarded attorneys' fees in the amount of $13,501.98, to be paid out of Plaintiff's past-due benefits in accordance with SSA policy. Upon receipt of this award, Mr. Burko is directed to promptly refund to Plaintiff $6,400, which represents the amount of fees that counsel previously received under the EAJA.

Dated: October 9, 2026
White Plains, New York

**SO ORDERED.**

ANDREW E. KRAUSE
United States Magistrate Judge